[Cite as *State v. Johnson*, 2017-Ohio-4019.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-16-1020

    Appellee                                        Trial Court No. CR0201502430

v.

Demauhrey Johnson                              **DECISION AND JUDGMENT**

    Appellant                                       Decided:  May 26, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Deborah Kovac Rump, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Demauhrey Johnson, appeals the January 11, 2016 judgment of the Lucas County Court of Common Pleas which, following guilty pleas to two counts of rape, sentenced him to eight years of imprisonment.  For the reasons set forth herein, we affirm.

{¶ 2} The relevant facts of this case are as follows. On May 7, 2015, appellant was alleged to be a delinquent child for committing two acts of rape, at the age of 17, in violation of R.C. 2907.02(A)(1)(b), first-degree felonies. On May 11, 2015, the state filed a motion to transfer the matter to the general division for prosecution under R.C. 2152.12(B) and 2152.10(B). A probable cause hearing was held and the court found probable cause as to the rape counts.

{¶ 3} On August 17, 2017, a hearing on the motion to transfer was held. The court, considering the factors under R.C. 2152.12(D) and (E), found that transfer was appropriate and granted the motion.

{¶ 4} On August 28, 2015, appellant was indicted in the general division of the common pleas court on two counts of rape of a victim under 13 years of age in violation of R.C. 2907.02(A)(1)(b) and (B). Appellant entered not guilty pleas to the charges. At the request of appellant, a competency hearing was held and appellant was found competent to stand trial.

{¶ 5} On December 9, 2015, appellant agreed to be charged by information to two additional counts of rape, R.C. 2907.02(A)(2) and (B). The charges were filed pursuant to an agreement with the state that a nolle prosequi would be entered as to the original two rape counts. The new counts carried maximum prison terms totaling six to 22 years. The originally-indicted counts had maximum prison terms of ten years to life imprisonment.

2.

{¶ 6} Following guilty pleas to the new counts, on January 11, 2016, appellant was sentenced to eight years of imprisonment for each rape count to be served concurrently. Appellant was also classified as a Tier III child-victim offender with lifetime registration duties, including in-person verification every 90 days. This appeal followed.

{¶ 7} In appointed counsel's appellate brief, under procedures announced in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel indicates that she has thoroughly examined the record, discussed the case with appellant, and is unable to find meritorious grounds for appeal. Following *Anders* procedure, appellate counsel filed a brief setting forth potential grounds for appeal and has also filed a motion to withdraw as counsel.

{¶ 8} Counsel notified appellant of her inability to find meritorious grounds for appeal and provided appellant with copies of both the *Anders* brief and her motion to withdraw. Counsel advised appellant of his right to file his own appellate brief. Appellant has not filed an additional brief.

{¶ 9} In her *Anders* brief, counsel has asserted one potential assignment of error:

> Potential Assignment of Error I: The trial court abused its discretion when it transferred Johnson to the General Division of the Common Pleas Court from the Juvenile Division.

{¶ 10} An appellate court reviews a trial court's decision to relinquish jurisdiction in a transfer proceeding pursuant to R.C. 2152.12, for an abuse of discretion. *State v. Fontenet*, 6th Dist. Lucas No. L-10-1366, 2013-Ohio-1355, ¶ 30, citing *State v. Grimes*,

3.

2d Dist. Greene No. 2009-CA-30, 2010-Ohio-5385, ¶ 14.  An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} Appellant was bound over to the adult court pursuant to the discretionary transfer procedure set forth in R.C. 2152.12, which at that time provided:

(B)  Except as provided in division (A) of this section, after a complaint has been filed alleging that a child is a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court at a hearing may transfer the case if the court finds all of the following:

(1) The child was fourteen years of age or older at the time of the act charged.

(2) There is probable cause to believe that the child committed the act charged.

(3) The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions.  In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case

4.

should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed.

{¶ 12} It is undisputed that appellant was over the age of 14 at the time of the alleged acts. Also, the court found that there was probable cause that appellant committed the acts charged. At the August 17, 2015 hearing on the motion to transfer, the trial court indicated that it considered the reports and information obtained pursuant to R.C. 2152.12(C). The court then noted that it considered the factors under R.C. 2152.12(D) and (E). Specifically, under R.C. 2152.12(D) it found that the victim was physically and psychologically harmed and that the harm was exacerbated due to her age, that the child's relationship with appellant facilitated the acts charged, that the results of prior juvenile sanctions and programs demonstrate that rehabilitation of appellant would not occur in the juvenile system, that appellant was mature enough for the transfer, and the fact that appellant was already 18 years old. The court did not find any factors under R.C. 2152.12(E) against transferring appellant to the general division.

{¶ 13} Reviewing the transfer proceedings, we note that the trial court exercised great caution in determining that the matter be bound over to the general division. The court scrupulously adhered to the dictates of R.C. 2152.12, and thoroughly discussed all the relevant factors. Accordingly, we cannot find that the court abused its discretion. Appellant's counsel's potential assignment of error is not well-taken.

{¶ 14} Upon our own independent review of the record as required by *Anders*, we find no other grounds for a meritorious appeal. This appeal is, therefore, found to be

without merit and is wholly frivolous.  Appellant's counsel's motion to withdraw is found well-taken and is granted.  The judgment of the Lucas County Court of Common Pleas is affirmed.  Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.　　　　　 _____
                                                                    JUDGE

Thomas J. Osowik, J.　　　　　 _____
                                                                    JUDGE
James D. Jensen, P.J.　　　　　
CONCUR.
                                                    _____
                                                                    JUDGE